# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal Case Nos. 3:04CR012, 3:04CR038 |
| vs. | : | |
| AMJAD SALEM | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| Defendant. | : | |
| AMJAD SALEM, | : | |
| Petitioner, | : | Civil Case Nos.  3:06CV082, 3:06CV083 |
| | : | |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

In January 2004, Petitioner Amjad Salem was indicted on numerous criminal charges including, for example, Receipt and Possession of Interstate Stolen Property.  (Case No. 3:04cr00012, Doc. #20).  In March 2004, Salem was indicted on numerous additional charges including, for example, Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity and Aiding and Abetting.  (Case No. 3:04cr00038, Doc. #4).  The Court

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

consolidated these criminal cases in May 2004.

In August 2005, pursuant to plea agreements, Salem pled guilty to certain criminal charges. (3:04cr00012, Doc. #353; 3:04cr00038, Doc. #58). On March 24, 2006, the Court entered Judgments and sentences against Salem in both cases. (3:04cr00012, Doc. #464; 3:04cv00038, Doc. #65).

On March 24, 2006, Salem filed Notices of Appeal in both cases. (3:04-cr-00012, Doc. #466; 3:04cr00038, Doc. #67). On the same day, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence in both cases and each Motion was docketed in separate civil cases, which were later consolidated.

Salem's Motions to Vacate, Set Aside or Correct Sentence are presently before the Court along with his Supplemental Memoranda, and his Motions for Evidentiary Hearing. Salem's §2255 Motions are before the Court for initial consideration under Rule 4 of the Rules Governing §2255 Motions. Rule 4 mandates that upon initial review of the §2255 Motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk of court to notify the moving party...."

Salem claims in his §2255 Motions that his rights under various provisions of the United States Constitution were violated by (1) selective prosecution, (2) outrageous government misconduct, (3) denial of his right to confront witnesses, (4) ineffective assistance of council, (5) improper plea agreement, (6) disparity in sentencing, (7) and incorrect calculation of his sentence under the Sentencing Guidelines. Before reaching the merits of these claims, it must be determined whether Salem may raise them in his §2255 Motions while simultaneously pursuing direct appeals,

which are currently pending in the United States Court of Appeals for the Sixth Circuit.

The court in *Massaro v. United States*, 123 S. Ct.1690, 538 U.S. 500 (2003), recognized that: "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *Id.* at 1694, and concluded that the "...failure to raise ineffective assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.*  It is therefore clear that a § 2255 motion is the proper vehicle for raising Petitioner's Sixth Amendment claims.

However, for the reasons stated below, an Order dismissing Salem's Motions to Vacate Sentence is warranted.  Such dismissal should be without prejudice to his right to re-file it (which should not be considered a second or successive motion pursuant to 28 U.S.C. § 2255) once his pending appeal has become final.

The court in *Capaldi v. Pontesso*, 135 F. 3d 1122 (6th Cir. 1998), recognized that under §2255 a prisoner may challenge his sentence for violating his rights under the Constitution or laws of the United States, but the District Court is precluded from considering a §2255 Motion during the pendency of a direct appeal unless extraordinary circumstances exist. *Id.* at 1123-24, citing *United States v. Gordon*, 634 F. 2d 638 (1st Cir.1980). *See also*: *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (absent "extraordinary circumstances," District Courts should decline to hear habeas claims while direct appeal is pending); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970), *cert denied*, 402 U.S. 933, 28 L. Ed. 2d 867, 91 S. Ct. 1530 (1971); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).  An extraordinary circumstance exists when the need for speedy relief weighs

more in favor of allowing the claim than the need to conserve judicial resources. *Davis*, 604 F.2d 485.

The rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2nd §597 at 483 (§2255 Motion "is not proper while an appeal from the conviction is pending since the disposition of the appeal may make the motion unnecessary"). Salem presents no extraordinary circumstances warranting an exception to the general rule in this case, and none are otherwise apparent. After balancing the need for speedy relief against the need for orderly administration of judicial resources, no extraordinary circumstances are present which would require the Court to presently determine the issues presented in Salem's present §2255 Motions during the pendency of his direct appeal.

Accordingly, in light of Salem's ongoing direct appeals, his §2255 Motions are premature and plainly do not entitle him to any present relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motions to Vacate, Set Aside or Correct Sentence in Case Number 3:06cv00082 (Doc. #s 468, 474) and in Case Number 3:04cr00012 (Doc. #s 468, 482) be DENIED without prejudice to renewal upon completion of his direct appeals;

2. Petitioner's Motions to Vacate, Set Aside or Correct Sentence in Case Number 3:06cv00083 (Doc. #s 69, 74) and in Case No. 3:04cr00038 (Doc. #s 69, 75) be DENIED without prejudice to renewal upon completion of his direct appeals;

3. Petitioner's Motions for Evidentiary Hearing in Case Nos. 3:06cv00082 (Doc. #473), 3:04cr00012 (Doc. #481) be DENIED as moot;

4. Petitioner's Motions for Evidentiary Hearing in Case Numbers 3:06cv00083 (Doc. #73) and 3:04cr00038 (Doc. #74) be DENIED as moot; and

5. Case Numbers 3:06cv00082 and 3:06cv00083 be terminated on the docket of this Court.

August 10, 2006

                                                                 s/ Sharon L. Ovington
                                                                   Sharon L. Ovington
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).